UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD MINER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-95-SPM |
| | ) | |
| CURTIS SCHRIEBER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Default on Counterclaim (Doc. 24) and Plaintiffs' Requests for Additional Time to Respond to Defendants' Counterclaim (Docs. 26 & 27).[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 20).

Defendants filed their Counterclaim on April 29, 2019. Plaintiffs' response was therefore due 21 days later, on May 20, 2019. *See* Fed. R. Civ. P. 12(a)(1)(B). On June 11, 2019, Defendants moved for default on their counterclaim. On June 12, 2019, Plaintiffs filed requests for additional time to respond to Defendants' counterclaim.

Under Rule 6(b)(1)(B), the Court may extend the time set by a rule "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d

---

[1] Plaintiffs filed two identical documents requesting additional time.

934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). The factors to be considered include "(1) the possibility of prejudice to [the non-moving party]; (2) the length of [the moving party's] delay and the possible impact of that delay on judicial proceedings; (3) the reasons for [the moving party's] delay, including whether the delay was within [the moving party's] reasonable control; and (4) whether [the moving party] acted in good faith." *Id.* (internal quotation marks omitted). Additionally, the Court should consider the "judicial preference for adjudication on the merits" and "the judicial disfavor for default dispositions" when those concerns are implicated. *Id.* at 947 (quotation marks omitted).

Most of the above factors weigh in favor of a finding of excusable neglect in this case. First, Defendants do not argue that they would be prejudiced if Plaintiffs were permitted to file a late answer to the counterclaim, nor does the Court find any reason why Defendants would be significantly prejudiced. Second, the 23-day delay between the original due date and the date Plaintiffs filed the request for additional time was fairly minimal and will have a minimal effect on these judicial proceedings. Third, the Court has no reason to believe that Plaintiffs' failure to timely file an answer to the counterclaim or request for additional time involved any bad faith. Fourth, because denying Plaintiffs' requests for additional time could lead to default, the Court has considered the judicial preference for adjudication on the merits and the disfavor with which courts regard default dispositions.

The Court notes that one factor—Plaintiffs' asserted reason for the delay—does *not* weigh in favor of a finding of excusable neglect. Plaintiffs' requests for additional time do not actually

contain any clearly stated reasons for Plaintiffs' delay in filing an answer to the counterclaim. Instead, Plaintiffs note that Defendants had filed a pending motion to strike the amended complaint and argue that because Defendants' motion to strike the amended complaint was still pending when the motion for default judgment was filed, "it would be premature to call for a default on the counterclaim." This argument is confusing and is entirely without merit. Plaintiffs are correct that on May 8, 2019, Defendants filed a motion to strike Plaintiffs' request for attorney's fees from Plaintiffs' Amended Complaint. Plaintiffs are also correct that this motion was still pending both when Plaintiffs' answer was due and when the motion for default judgment was filed. However, it is unclear to the Court how that motion—which had nothing whatsoever to do with Defendants' counterclaim—would have had any effect on Plaintiffs' ability or obligation to file an answer to Defendants' counterclaim. It is also unclear to the Court how that motion would have any effect on the question of whether default should be entered on the counterclaim. Plaintiffs should be aware that the deadlines imposed by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Missouri, and this Court's orders remain in place even when there are motions pending in this case that have not yet been resolved.

Despite Plaintiffs' unconvincing reasons for failing to timely file an answer, the Court finds that the other relevant factors weigh sufficiently strongly in favor of a finding of excusable neglect that such a finding is appropriate here. Thus, the Court will grant Plaintiffs' requests for additional time to respond to Defendants' counterclaim and will deny Defendants' motion for default.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Requests for Additional Time to Respond to Defendants' Counterclaim (Docs. 26 & 27) are **GRANTED**. Plaintiffs shall file an answer to Defendants' counterclaim no later than **Friday, July 12, 2019**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Default on Counterclaim (Doc. 24) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of July, 2019.