## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| GERALD MINER | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.   4:19-CV00095 |
| v. | ) |
| | ) |
| CURTIS SCHRIEBER, | ) |
| MERCANTILE CAPITAL INC. | ) |
| | ) |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR MOTION FOR SUMMARY JUDGMENT

Comes now Defendants by and through their attorney, Jeffrey T. Weisman, and state for their Memorandum of Law in support of their Motion for Summary Judgment as follows:

### STANDARD FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir. 1987).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, supported by the record, showing that a genuine issue of material fact exists. *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988); see Fed. R. Civ. P. 56(c).

## ARGUMENT

## COUNT I- MISSOURI MERCHANDISING PRACTICES ACT

The Missouri Merchandising Practice Act, Mo. Rev. Stat. § 407.010, et seq., (MPA) is a **remedial consumer protection statute** intended to prohibit deceptive practices directed against Missouri consumers. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 768 (Mo. 2007). "The purpose of the MMPA is 'to preserve fundamental honesty, fair play and right dealings in public transactions.'" *Ullrich v. CADCO, Inc.*, 244 S.W.3d 772, 777 (Mo. Ct. App. 2008) (citation omitted).

In order to state a private civil claim for a violation under the MPA, a claimant must prove (1) that he **purchased** "merchandise" as defined under the MPA; (2) that it was purchased **for personal, family, or household purpose**s; (3) that he suffered an ascertainable loss of money or property; and (4) that such loss resulted from a violation of § 407.020.1 R.S.Mo. *Hess*, 220 S.W.3d at 773. A failure to prove any one of these elements is fatal to a claim under the MPA. *Id*; *See also Freeman*, 124 S.W.3d at 509 (failure to prove ascertainable loss precluded right to relief).

Plaintiff claim, as stated in paragraph 22 of the First Amended Petition, that, "Gerald Miner intended that the home at 132 Grotto Court be his primary owner-occupied residence which Plaintiff, Gerald Miner, at all relevant times, occupied the property as a single family dwelling…" must fail for the following reasons.

1. At the time of closing on October 27, 2017, according to Plaintiff Miner, the Grotto property needed extensive rehab work making it impossible for Plaintiff to occupy the property as claimed.  **(Exhibit H)**

2. At the time of the Mercantile loan origination the 132 Grotto Court property was not habitable and needed repair. For that very purpose at time of loan closing, the sum of $33,015.00 was withheld for construction and other related purposes. **(Exhibit I).**

3. Plaintiffs claim, as stated in paragraph 41 of the First Amended Petition, that, "… Defendants … deliberately mischaracterizing the personal mortgages as business loans, after negotiating and agreeing that Defendant would provide a conventional residential loan…." must fail per the "Summary of Terms and Conditions-Investor Loan" sent to Plaintiff Miner on September 25, 2017 **(Exhibit B).** The Summary clearly states the loan (referring to the $160,000.00 Grotto loan) is "**Commercial/Rental Property Rehab".** Further, the Summary contained provisions for construction draws to be made for the project.

4. The general representations by Plaintiffs in the First Amended Petition that the mortgage agreement was in the form of a personal loan must fail as the clear and conspicuous wording stated in the heading of the $160,000.00 October 27, 2017 Note with the words "COMMERCIAL PROMISSORY NOTE". **(Exhibit F).**

5. Further, in paragraph 7 of the October 27, 2017 Commercial Promissory Note, it states, "The proceeds of this Note are to be used for business, commercial, investment or other similar purposes and no portion thereof shall be used for personal, family or household uses". **(See Exhibit F).**

6. On the first page of the Deed of Trust and Security Agreement, it states, "A. Beneficiary has made a commercial loan (the "Loan") to Borrower, which is evidenced by that certain Commercial Promissory Note of Borrower….".  On page 3 Article I: Representations, Warranties and Covenants, Plaintiff Miner represented under paragraph 1.1(c) "Grantor

represents and warrants to Trustee and Beneficiary that the Mortgaged Property is commercial rental property and not the Grantor's primary home." **(See Exhibit G).**

7. As stated previously the 132 Grotto Court property was not habitable and needed repair and as such, it was agreed that Defendant Mercantile would provided checks as construction draws.  Each such check was issued payable to Adoria-Adorian Investments Inc, not Gerald Miner.

    a. On November 20, 2017 Defendant Mercantile issued a check payable to Adoria-Adorian Investments in the sum of $4,800.00. **(Exhibit J).**

    b. On December 12, 2017 Defendant Mercantile issued a check payable to Adoria-Adorian Investments in the sum of $4,3750.00. **(Exhibit K)**.

    c. On January 17, 2018 Defendant Mercantile issued a check payable to Adoria-Adorian Investments in the sum of $4,500.00. **(Exhibit L).**

    d. On January 19, 2018 Defendant Mercantile issued a check payable to Adoria-Adorian Investments in the sum of $915.98. **(Exhibit M).**

    e. On February 21, 2018 Defendant Mercantile issued a check payable to Adoria-Adorian Investments in the sum of $4,526.46. **(Exhibit N).**

    f. On March 1, 2018 Defendant Mercantile issued a check payable to Adoria-Adorian Investments in the sum of $3,750.00. **(Exhibit O).**

Plaintiffs made further admissions that the Grotto property was a commercial property as demonstrated when Miner was seeking to refinance the Mercantile loan.

On September 19, 2018, Plaintiff Miner executed a "Disclosure Statement and Acknowledgement for Business Purpose Loans" form ("Disclosure Statement) for property at 132 Grotto Court, Florissant MO. **(Exhibit P).**

    a. The Disclosure Statement states "You have applied, or expressed an interest in applying, for a mortgage loan that will <u>not</u> be used for your personal, family, or household purposes… **Because the loan will be made exclusively for business purposes, certain federal laws applicable to consumer purpose loans will not be applicable to this loan**…".

On October 12, 2018 Plaintiff Miner executed a "Rental Loan Application" with Lima One Capital for the 132 Grotto Court property.  **(Exhibit Q).**

    a. Under *Section IV "Warrants"*, Plaintiff Miner checked the box "No" when asked, "Do you intend to occupy the subject property"? **(Exhibit Q).**

    b. Under *Section VI "Borrower Certification of Business Purpose"*, Plaintiff Miner warranted and represented, " … that the loan is for commercial purposes and not consumer purposes, and that the loan proceeds are intended to be used for commercial purposes only, not for personal, family or household purposes….".  **(Exhibit Q).**

As shown above, throughout the term of the $160,000.00 Grotto property loan with Defendant Mercantile, Plaintiffs' understood and admitted that the 132 Grotto Court property was a commercial property.  Every document produced shows that the loan for the property at 132 Grotto Court, Florissant MO  63033 was a commercial loan, intended for commercial purposes and remained commercial even by Plaintiffs' own admissions a commercial loan.

## COUNT II- FRAUDULENT MISREPRESENTATION

1. Plaintiffs Count II claims a Fraudulent Misrepresentation. The Court in *U.S. Bank Nat'l Ass'n v. Canny* (E.D. Mo. 2011) stated that "Rule 9(b), Fed. R. Civ. P., requires that the factual circumstances of the alleged fraud must be pled with particularity. Specifically, "the complaint must allege... the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Mitec Partners, LLC v. U.S. Bank Nat. Ass'n,* 605 F.3d 617, 622 (8th Cir. 2010). "In other words, the complaint must plead the who, what, where, when, and how of the alleged fraud." Id. "This higher degree of notice is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (internal quotations omitted)".

In the case at bar, Plaintiffs, in the common section under paragraphs 1-33 along with specific paragraphs in Count II, have stated no allegations to support a claim for fraud. There is little to no detail of the fraud.

Paragraph 50 of the First Amended Petition is the only place Plaintiffs make a statement of a representation.

> Defendants represented to Plaintiff, Gerald Miner that the mortgage agreement was in the form of a personal loan and that Defendants loan offers were financially superior, would benefit Plaintiff's business interest, and promote the growth of Plaintiff's real estate portfolio.

However, there is no detail of dates, names, or contents of the false representation; no particularity. There is no description of the "loan offers", no description of how the offers were "financially superior" to whom, no description of the representations regarding what was represented and to whom about "promote the growth of Plaintiff's real estate portfolio".

The representation that "the mortgage agreement was in the form of a personal loan" must fail as the clear and conspicuous wording stated in the heading of the October 27, 2017 Note with the words "COMMERCIAL PROMISSORY NOTE". Further, in paragraph 7 of the Note, it states, "The proceeds of this Note are to be used for business, commercial, investment or other similar purposes and no portion thereof shall be used for personal, family or household uses". **(See Exhibit F).**

On the first page of the October 27, 2017 Deed of Trust and Security Agreement, it states, "A. Beneficiary has made a commercial loan (the "Loan") to Borrower, which is evidenced by that certain Commercial Promissory Note of Borrower….". On page 3 Article I: Representations, Warranties and Covenants, Plaintiff Miner represented under paragraph 1.1(c) "Grantor represents and warrants to Trustee and Beneficiary that the Mortgaged Property is commercial rental property and not the Grantor's primary home." **(See Exhibit G).**

Based on the allegations stated in the First Amended Petition, the representation was at some unknown time, at any place, by some unknown medium of communication and context.

**COUNT III-DECLARATORY JUDGMENT**

Plaintiffs' Count III- Declaratory Judgment is a request for this court to declare Paragraph 59A, "Declaring that the resulting mortgage on the residential property is not legally palatable as it applies commercial interest rate to non=commercial residential property". Paragraph 59B, "Rescission and reformation of the mortgage covering the owner-occupied residential property at 132 Grotto Ct."

Plaintiffs claim under Count III fails for two reasons: (a) the claim is not proper as the

real action is one for breach of contract, and (b) the Declaratory Action fails because the issues are moot as the mortgage has been released, and thus there is no document for this court to rescind or reform.  A party may challenge a request for declaratory judgment on the ground that a decision on the merits will render the request for declaratory judgment moot. Postal Instant Press v. Jackson, 658 F. Supp. 739, 742 (D. Colo. 1987) (citing Wright & Miller: Federal Practice and Procedure § 1406 (1971); Larson, 134 F.2d 450.) Simmons v. Butler (E.D. Mo. 2019**)**.

"It is well-settled that declaratory relief is not proper where the 'real cause of action is an action at law for breach of contract.'" Century Motor Corp. v. FCA US LLC, 477 S.W.3d 89, 96 (Mo. Ct. App. 2015) (citing Love Mortg. Props., Inc. v. Horen, 639 S.W.2d 839, 841 (Mo. Ct. App. 1982)); see also Cincinnati Cas. Co. v. GFS Balloons, 168 S.W.3d 523, 525 (Mo. Ct. App. 2005) ("A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract."); Goldfinch Enters., Inc. v. Columbia W, L.P., 159 S.W.3d 866, 867 (Mo. Ct. App. 2005)", *Pietoso, Inc. v. Republic Servs*. (E.D. Mo. 2020).

"When a declaratory judgment claim improperly invokes § 527.010 because an adequate remedy already exists, that declaratory judgment claim fails to state a cause of action." Shelter Mut. Ins. Co. v. Vulgamott, 96 S.W.3d 96, 103 (Mo. App. W.D. 2003).  See also, Payne v. Cunningham, 549 S.W.3d 43, 48 (Mo. Ct. App. 2018) **.**

" 'Under Missouri's Declaratory Judgment Act, any person interested under a written contract, or whose rights are affected by a contract may have determined any question of construction or validity under the contract and obtain a declaration of rights.' *Secure Energy, Inc.*, 2012 WL 13710, at *2 (citing Mo.Rev.Stat. §527.020)", *Allied World Specialty Ins. Co. v.*

*City of Ferguson* (E.D. Mo. 2019). Plaintiffs, in this action, are requesting this Court to declare and interpret such documents that have not been pled.

Without a reason to believe declaratory judgment would affect the rights and obligations between Plaintiffs and Defendants, this Court should find Plaintiffs' declaratory judgment claim (Count III) must also fail. Presson v. Haga (E.D. Mo. 2018).

### COUNT IV: TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY AND CONTRACT

Plaintiffs' Count IV- Tortious Interference claim is actually two separate actions rolled up into one claim. The main part is based on the allegation stated in paragraph 61, "Plaintiffs had entered into agreements with prospective buyers of two of the parcels of the mortgage commercial real estate" and that Defendant Mercantile Capital would not issue partial releases.

This claim must fail for two reasons. First, Defendants are not legally required to provide a partial release, and secondly, Plaintiffs sold the two parcels that are the bases of the claim, so the claim is moot. See the General Warranty Deeds from the sale of 6149 Jefferson Ave., St. Louis MO and 5328 Bermuda Road, St. Louis MO 63121. **(Exhibit U and Exhibit V).**

As for the first reason, there is no provision in the $62,000.00 promissory note nor in the deed of trust **(Exhibits D and E)** that require Mercantile Capital to issue partial releases for encumbered collateral. In fact, 3.10 of the deed of trust states in part that "This Deed of Trust cannot be altered, amended, modified, terminated or waived, released or discharged except in a writing signed by the party against whom enforcement is sought." Such a partial release clause would need to be explicitly stated in the documents with the terms and conditions for such a release. Such a clause would have to allow some collateral to be taken off the mortgage once a

certain amount of the loan has been paid or some other stated condition. Alternatively, Plaintiffs cannot utilize parol evidence to bolster such a claim as there is no ambiguity in the promissory note and deed of trust. There is no claim under this Count of some exception such as mutual mistake that needed correcting. If the contract is unambiguous, the Court must not consider any extrinsic or parol evidence as to the intent and meaning of the contract. See, *S R Distrib., LLC v. Pepperidge Farm, Inc.* (E.D. Mo. 2019).

Secondly, it appears from the First Amended Petition that Plaintiffs are alleging Defendants interfered with contracts with the buyers of 6149 Jefferson Ave., St. Louis MO and 5328 Bermuda Road, St. Louis MO 63121. However, there are no allegations nor documents that Defendants had any contact with the Buyers of the properties. The contact by Defendants was with the title company for purposes of providing a payoff. **(Exhibit U).** Such contact is collateral to the contract with Buyers.

What Plaintiffs are complaining about is not liking the payoff amount. (See paragraph 66 of the First Amended Petition, "Defendants did not provide the appropriate payoff figures"). For an action for tortious interference with a business expectancy, there must be an absence of justification. S R Distrib., LLC v. Pepperidge Farm, Inc. (E.D. Mo. 2019 at page 12). As stated above, Plaintiffs acknowledge receiving payoff figures, but not ones they liked. Defendants had every justification to provide the title company with a full payoff of the loan.

The Eighth Circuit has noted that "interference with contractual relations is similar to other intentional torts 'in the sense that the defendant must have either desired to bring about the harm to the plaintiff or have known that this result was substantially certain to be produced by his conduct.'" City Nat. Bank of Fort Smith v. Unique Structures, Inc., 929 F.2d 1308, 1316 (8th Cir. 1991) (quoting Restatement (Second) of Torts Ch. 37, at 5 (1977). In the case at bar, the

harm that would result is actually to Defendants.  If a closing would not take place, it is Defendants who would not be paid off thus causing harm not to Plaintiffs, but to Defendants.

Defendants have drawn this Court's focus squarely to a critical question of law which must be resolved.   In light of the case law and specific language in the loan documents, the answer is simply that Defendants Motion for Summary Judgment as to Plaintiffs First Amended Petition must be granted, and thus, it is appropriate that this Court award Judgment to Defendants.

WHEREFORE, Defendants hereby request this Court to grant Defendants Motion for Summary Judgment on all counts of the First Amended Petition and for all such other relief as this Court deems just and proper.

           ___/s/__Jeff Weisman_____
           JEFFREY T. WEISMAN, #34075
           Attorney for Defendants
           904 S. 4th Street, Street, Suite 302
           St. Louis MO  63102
           314-495-1903
           jeff@jweismanlaw.com

CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was e-filed this 27th day of March 2020 and sent to all attorneys of record.

           _____/s/_Jeff Weisman_____