UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD MINER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:19-CV-95-SPM |
| CURTIS SCHRIEBER, et al. | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 86), in which Defendants seek judgment in their favor on Count III of Plaintiffs' Amended Complaint (Declaratory Judgment). Briefing on the motion is complete. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 20). For the following reasons, the motion will be denied.

**I.   BACKGROUND**

This action arises out of two loans made by Defendant Mercantile Capital, Inc. to Plaintiffs Adoria-Adorian Investments, LLC, and Gerald Miner. The loan at issue in Count III concerns the property located at 132 Grotto Court, Florissant, Missouri (the "Grotto Property"). Plaintiffs allege that Miner purchased the Grotto Property to be his own personal home and that Defendants represented that they would provide him a loan in the form of a personal loan for the Grotto Property. Plaintiffs allege that Defendants then reclassified the loan as a commercial loan and charged Plaintiffs more interest and fees than are allowed by law. They also allege that Defendants

1

unfairly failed to provide pay-off figures when requested.

In Count III ("Declaratory Judgment"), Plaintiffs ask the Court to declare that the mortgage on the Grotto property "is not legally palatable as it applies commercial interest rate to non-commercial residential property"; requests rescission and reformation of the mortgage covering the Grotto property; requests an order of "such injunctive relief and any other remedy contained in sections 408.675 to 408.700 . . ."; and asks for damages and other fees.

## II. LEGAL STANDARD

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). For purposes of a motion for judgment on the pleadings, "The movant has the burden of 'clearly establish[ing] that there are no material issues of fact and that [he] is entitled to judgment as a matter of law." *Rossley v. Drake Univ.*, 958 F.3d 679, 683 (8th Cir. 2020) (citing *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009); internal quotation marks omitted). The Court "must view all facts pled as true and grant all reasonable inferences in [the non-movant's] favor. *Id.*

## III. DISCUSSION

Defendants make two arguments for why they are entitled to judgment on the pleadings. First, Defendants argue that the declaratory judgment claim is not proper because Plaintiffs' real action is one for breach of contract. Defendants appear to be correct that where a plaintiff simply asks the Court to declare that terms of a contract have been breached and the plaintiff could have brought a breach of contract action, declaratory relief is not proper. *See Century Motor Corp. v. FCA US LLC*, 477 S.W.3d 89, 96 n.6 (Mo. Ct. App. 2015) ("It is well-settled that declaratory relief

2

is not proper where the real cause of action is an action at law for breach of contract.") (internal quotation marks omitted); *Cincinnati Cas. Co. v. GFS Balloons*, 168 S.W.3d 523, 525 (Mo. Ct. App. 2005) ("A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract. Absent exceptional circumstances plainly appearing, a trial court may not use the Declaratory Judgment Act when an adequate remedy at law exists") (citations omitted); *Pietoso, Inc. v. Republic Servs., Inc.*, No. 4:19-CV-397 RLW, 2020 WL 224516, at *3 (E.D. Mo. Jan. 15, 2020) ("The Court holds that Pietoso's claim for declaratory judgment must be dismissed because it is based upon the purported breach of the Service Agreement.") (citing *Century Motor Corp.*, 477 S.W.3d at 96).

Here, however, it does not appear to the Court that Plaintiffs' Declaratory Judgment claim is really a breach of contract claim. Plaintiffs do not allege in Count III that any contract was breached, nor do they not appear to ask the Court to make a declaration of Plaintiffs' rights under any contract. Thus, the Court cannot dismiss Count III on the ground that it is really a breach of contract action.

Defendants' second argument is that Count III must fail because it relates to written documents that are not part of the pleadings and because Plaintiffs have not attached a single document in support of their claim to relief. However, Defendants cite no authority for their suggestion that Plaintiffs must attach any particular documents to a complaint seeking a declaratory judgment. Moreover, Defendants attached the relevant promissory note and deed of trust to their Answer, so it is apparent that they were on notice of what contracts Plaintiff was

3

referencing in Count III, and those documents are part of the pleadings. Therefore, this argument also does not provide a basis on which to grant Defendants' motion.

### IV. CONCLUSION

For all of the above reasons, Defendants have not met their burden of showing that there is no genuine issue of material fact and they are entitled to judgment as a matter of law on Count III. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 86) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of June, 2020.

4