UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD MINER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-95-SPM |
| ) | |
| CURTIS SCHRIEBER, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Strike Plaintiffs' Jury Trial Request and Motion to Amend the Third Amended Case Management Order. (Doc. 91). Plaintiffs have filed an opposition to the motion. (Doc. 102). For the following reasons, the motion will be denied.

**I.   BACKGROUND**

This case involves two mortgage loans provided by Defendants to Plaintiffs for the financing of real property: a $62,000 loan provided on October 16, 2017 to finance four properties (collectively, the "Rental Properties"), and a $160,000 loan provided on October 27, 2017 to finance the property at 132 Grotto Court, Florissant, Missouri (the "Grotto Property"). The Promissory Note for the mortgage on the Rental Properties is five pages long. On the third page, at the end of a paragraph, in all capital letters and in a bold font, the Promissory Note states, **"BORROWER HEREBY WAIVES AND RELEASES ANY RIGHT TO TRIAL IN CONNECTION WITH ANY LITIGATION UNDER THIS NOTE."** (Ex. C, Doc. 91-3, at ¶ 8). The Promissory Note for the mortgage on the Grotto Property has the same language, in the same

place. (Ex. A, Doc. 91-1, at ¶ 8). The Deed of Trust and Security Agreement related to each loan attaches as an exhibit the relevant Promissory Note. (Doc. 91-2, at ¶ A; Doc. 91-4, at ¶ A).[1]

In their Amended Complaint, Plaintiffs assert that Defendants engaged in several unfair and impermissible practices related to the mortgages, both leading up to the closings and after the closings. Among other things, they assert that Plaintiffs misled them about the nature and character of the loans—in particular, by representing to Plaintiffs that the loan for the Grotto Property would be in the form of a personal loan but then recategorizing the loan as a commercial/business loan. Plaintiffs also allege that Defendants represented that Defendant Schreiber was a real estate professional with extensive and in-depth knowledge of the financing market, and that Plaintiffs relied on Defendants' representations as being true. Plaintiffs assert claims for violation of the Missouri Merchandising Practices Act, fraudulent misrepresentation, declaratory judgment, tortious interference with contract or business expectancy, and punitive damages.

Pursuant to the Third Amended Case Management Order, this case is set for a jury trial on September 23, 2020. In the instant motion, Defendants ask the Court to strike Plaintiffs' demand for a jury trial based on the waiver language in the promissory notes, amend the case management order, and set the case for a bench trial.

**II.   DISCUSSION**

In the instant motion, Defendants argue that Plaintiffs knowingly and voluntarily waived their right to a jury trial for litigation in connection with the two promissory notes at issue and the two deeds of trust at issue in this case. They point out that all of Plaintiffs' claims arise out of the purchase and financing of the Grotto Properties and Rental Properties (which are governed by

---

[1] Defendants state in their motion that "The terms contained in the . . . Promissory Note were incorporated into the Deed of Trust and Security Agreement," but the Court has not found such language in the cited paragraphs.

those documents), and all of Plaintiffs' claims are brought against the same Defendants. They argue that a party may contractually waive its right to a jury trial through clear, unambiguous, unmistakable, and conspicuous language. They state that in this case, the waivers were presented in a paragraph that contains a short sentence, in large bold print and written in all capital letters, and that the waivers were conspicuous not only in placement but also in the clear language used.

In their response, Plaintiffs do not challenge Defendants' assertion that the waiver, if knowingly and voluntarily signed, would apply to all of their claims. However, they argue that Defendants bear the burden of showing that the waiver was knowingly and voluntarily signed and that Defendants have failed to do so. They argue that the documents cited by Defendants, standing alone, are not sufficient, because they do not show Plaintiffs' mindset. They also argue that in their Amended Complaint, they allege that the statements made by Defendants surrounding the signing of the documents were untrue and were made for the purpose of deceiving him, thereby destroying the knowing and voluntary requirement. Plaintiffs argue that their allegations show Plaintiffs did not, in fact, know what they were signing.

The Court first considers whether Missouri or federal law applies to the question of whether Plaintiffs have contractually waived their right to a jury trial in this diversity case.[2] The Court has

---

[2] The parties' position on this issue is not clear. Defendants do not address the question of what law applies, and they cite two cases from this district taking different approaches. *See U.S. Bank Nat'l Ass'n v. Canny*, No. 4:10CV421 CDP, 2011 WL 226965, at *4 (E.D. Mo. Jan. 24, 2011) (applying Missouri law); *NTD I, LLC v. Alliant Asset Mgmt. Co., LLC*, No. 4:16CV1246 ERW, 2017 WL 605324, at *11 (E.D. Mo. Feb. 15, 2017) (applying federal law). They also cite a Missouri Supreme Court case for the general standard. *See Malan Realty Inv'rs, Inc. v. Harris*, 953 S.W.2d 624, 627 (Mo. 1997) ("To effectively waive a jury trial by contract, clear, unambiguous, unmistakable, and conspicuous language is required."). Similarly, Plaintiffs cite both the Missouri Supreme Court's decision in *Malan* and a case applying federal law. *See Popular Leasing USA, Inc. v. Turner Constr. Co.*, No. 4:05-CV-248 (CEJ), 2005 WL 2874741, at *2 (E.D. Mo. Oct. 31, 2005) (applying federal law).

found no Eighth Circuit decisions addressing the choice of law issue. District courts within the Eighth Circuit have reached different conclusions, with most seeming to apply federal law. *Compare, e.g., Smoky Hills Wind Project II, LLC v. City of Springfield*, No. 6:14-CV-03543-SRB, 2015 WL 12880502, at *1 (W.D. Mo. July 14, 2015) ("Federal law is used to determine the validity of a jury trial waiver in diversity actions."), with *Main St. Bank v. Carlyle Van Lines, Inc.*, No. 08-0546-CV-W-DGK, 2009 WL 10672242, at *1 (W.D. Mo. Sept. 16, 2009) (applying state law, because ("[t]he rule of decision concerning the validity of a waiver clause is drawn from the state whose rules will govern the rest of the dispute").

The Court need not decide what law applies to this question, because federal law and Missouri law governing this issue are similar, and the result is the same under either federal or Missouri law.

Under federal law, it is well established that "the right to a jury trial may be waived by contract, provided the waiver is knowingly and voluntarily made." *Popular Leasing USA, Inc. v. Nat'l Restoration Sys., Inc.*, No. 4:04 CV 01629, 2005 WL 2033423, at *2 (E.D. Mo. Aug. 23, 2005). *See also Coop. Fin. Ass'n v. Garst*, 871 F. Supp. 1168, 1171 (N.D. Iowa 1995) ("For a waiver to be effective, the party waiving the right must do so 'voluntarily' and 'knowingly' based on the facts of the case."). "[C]ourts within the [Eighth] [C]ircuit have generally held that the party attempting to enforce the waiver has the burden of proving the waiver is knowing and voluntary." *Regions Equip. Fin. Corp. v. Blue Tee Corp.*, No. 4:16-CV-140-CEJ, 2016 WL 2643359, at *2 (E.D. Mo. May 10, 2016) (quoting *Cty. 20 Storage & Transfer Inc. v. Wells Fargo Bank, NA*, No. 3:09-CV-104, 2011 WL 826349, at *10 (D.N.D. Mar. 3, 2011)). "In disputes regarding jury waivers, courts 'indulge every reasonable presumption against waiver.'" *Smoky Hills Wind Project II, LLC v. City of Springfield*, No. 6:14-CV-03543-SRB, 2015 WL 12880502, at *1 (W.D. Mo.

July 14, 2015) (quoting *Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 374 (8th Cir. 1999)).

To determine whether a waiver was knowingly and voluntarily made, courts consider several factors, including (1) whether the waiver provision is on a standardized form agreement or in a newly-drafted document; (2) whether the waiver is in fine print or in large or bold print, (3) whether the waiver is set off in a paragraph of its own; (4) whether the provision is in a take-it-or-leave-it contract or in a negotiated contract; (5) the conspicuousness of the waiver in comparison to the length of the contract; (6) whether the waiving party was represented by counsel; (7) whether the waiving party was a sophisticated business person aware of the consequences of the waiver; (8) whether the parties were manifestly unequal in bargaining power; and (9) whether there was an opportunity to review all of the terms of the contract and whether the waiving party did so. *Regions Equip. Fin. Corp. v. Blue Tee Corp.*, No. 4:16-CV-140-CEJ, 2016 WL 2643359, at *2 (E.D. Mo. May 10, 2016) (listing these factors and collecting cases). *See also McKeage v. Bass Pro Outdoor World, L.L.C.,* No. 12-3157-CV-S-GAF, 2013 WL 12436118, at *1-*2 (W.D. Mo. July 15, 2013) (listing same factors); *Smoky Hills*, 2015 WL 12880502, at *1 ("In determining whether conditions of knowledge and volition exist, the court considers 'factors such as . . . inconspicuous fine print of the waiver, gross disparity in bargaining power between the parties, the sophistication of the parties, and whether the contract was standard or negotiated.'" (quoting *Popular Leasing USA, Inc. v. Turner Constr. Co.,* No. 4:05-CV-248CEJ, 2005 WL 2874741, at *1 (E.D. Mo. Oct. 31, 2005)).

Missouri law is similar. Under Missouri law, "a jury trial may be waived by contract," but "more than contract law is involved." *Malan Realty Inv'rs, Inc. v. Harris*, 953 S.W.2d 624, 627 (Mo. 1997). The Missouri Supreme Court has stated, "The standard that is universally applied to

prevent overreaching and to protect against unequal bargaining positions requires that the trial court determine whether the waiver was knowingly and voluntarily or intelligently made." *Id.* "To effectively waive a jury trial by contract, clear, unambiguous, unmistakable, and conspicuous language is required." *Id.* Courts have also "examined the following factors: negotiability of the contract terms, disparity in bargaining power between the parties, the business acumen of the party opposing the waiver, and the conspicuousness of the jury waiver provision." *Id.*

Defendants argue that the waiver was knowing and voluntary because it is in bold print and is conspicuous and clear, but they do not discuss (or even mention) any of the other factors addressed in the Missouri or federal cases. Plaintiffs, in their response, argue that Defendants have not met their burden of showing that Plaintiff voluntarily and knowingly signed the documents, in light of the relevant factors. Although it is not entirely clear from the record, several of the factors appear to weigh against a finding that the waiver was knowing and voluntary—the waivers appear to be in standardized form agreements rather than a newly-drafted documents, the waiver is not set off in a paragraph of its own, it appears that the agreements were "take-it-or-leave-it " rather than negotiated, Plaintiffs were not represented by counsel, the allegations suggest that Plaintiff was not a sophisticated business person aware of the consequences of the waiver, and the allegations suggest that Plaintiff likely did not read all of the terms of the contracts before signing them and was misled by Defendants as to at least some of the terms of the contracts.

Evidence produced by Plaintiffs in opposition to summary judgment further calls into question whether Plaintiffs actually knowingly and voluntarily signed the documents, with Plaintiff Gerald Miner stating in his deposition that he did not go through each page of the documents, (Doc. 109-2, Deposition of Gerald Miner, 141: 15-17 (Nov. 21, 2019)), and stating in his affidavit that "Curtis Schreiber made representations to me the day prior to the closing of the

properties that I should go ahead and sign the documents even though there was information in there that was false . . ." and that that "[a]t closing [Miner] was told to disregard the documents" (Doc. 109-1, Affidavit of Gerald Miner, at ¶¶ 29, 44 (April 27, 2020)).

Notably, in one of the few cases cited by Defendants in their motion, another judge in this district *denied* a motion to strike a jury trial on substantially similar facts, stating:

> Although the documents indicate that the guarantors knowingly waived their right to a jury trial, the guarantors have raised questions regarding the circumstances under which the waivers were signed. The jury trial waiver is presented in the original forbearance agreement in a separate paragraph that contains only one relatively short sentence, in bold, and written in all capital letters immediately preceding the signature pages. On its face, this document appears to be a clear waiver of the guarantors' right to demand a jury trial. The guarantors, however, assert that they were either not aware of the waiver or were somehow pressured to unwillingly sign the waiver. The guarantors allege that U.S. Bank enjoyed much greater bargaining power and that jury waivers are not generally expected in these types of contracts. They also imply that they signed the waiver without consulting an attorney, that they did not understand the agreement or the waiver, and that they are not sophisticated business people. Taken as true, this is sufficient to raise a question regarding the voluntariness of the guarantors' waiver.

*U.S. Bank Nat'l Ass'n v. Canny*, No. 4:10-CV-421-CDP, 2011 WL 226965, at *2 (E.D. Mo. Jan. 24, 2011) (denying motion to strike jury demand without prejudice).

The Court's own research reveals that Courts often refuse to strike jury demands where there is a clear contractual waiver but no evidence presented regarding other factors. *See Knight v. G4S Secure Sols. USA Inc.*, No. 4:18CV2089 RLW, 2019 WL 4246593, at *1 (E.D. Mo. Sept. 6, 2019) (denying motion to strike jury demand without prejudice where the waiver language was similar but the plaintiff contended that she had no bargaining power and no business sophistication; stating, "the Court believes that whether Knight's execution of the waiver of the right to jury was knowing and voluntary cannot be determined at this time and requires additional information. "); *OS33 v. CenturyLink Commc'ns, L.L.C.*, No. 4:17-CV-2603 CAS, 2018 WL 6064864, at *2 (E.D. Mo. Nov. 20, 2018) (denying motion to strike jury demand without prejudice

where, aside from the contract itself, the party seeking to enforce the waiver provided "no argument or evidence concerning the circumstances surrounding the jury waiver"); *Cyclonaire Holding Corp. v. Baker*, No. 4:16CV467, 2017 WL 3206894, at *11 (D. Neb. Apr. 11, 2017) (denying motion to strike jury demand without prejudice; stating, "While the provision itself is visually conspicuous due to the capitalization of each word, the court has no information regarding whether the Agreement was a standardized form, the level of sophistication of the parties, whether the parties were represented by counsel at the time of signing, the parties' bargaining positions, and whether Plaintiff had an opportunity to review the Agreement. Because the defendants have not carried their burden of establishing that the parties' contractual jury-waiver clause was voluntary and knowing, the defendants' motion to strike Plaintiff's jury demand will be denied without prejudice to reassertion.").

In contrast, the cases cited by Defendants that did find a knowing and voluntary waiver involved factors more favorable to a finding of waiver than those present here. *See NTD I, LLC v. Alliant Asset Mgmt. Co., LLC*, No. 4:16CV1246 ERW, 2017 WL 605324, at *11 (E.D. Mo. Feb. 15, 2017) (finding waiver of jury trial was knowing and voluntary; emphasizing that the agreements were negotiated, that the waivers were in separate paragraphs, that the waivers were written in all capital letters, and that the waivers were the final provision located before the signature block); *Malan*, 953 S.W.2d at 627-28 (finding waiver of jury trial was knowing and voluntary where the waiver paragraph "was prominently displayed as the only and last paragraph on the last page immediately above the signature lines," such that "[e]ven if the defendant did not read the rest of the lease, it would be difficult to miss this provision when she signed the lease"; the defendant read the lease; noting that there was "no evidence that the defendant was under any

bargaining disadvantage"; that the "both the plaintiff and the defendant were commercial entities engaged in a business transaction," and that the defendant had retained counsel).

For the above reasons, the Court finds that Defendants have not met their burden of showing that Plaintiffs knowingly and voluntarily waived their right to a jury trial. Thus, their motion will be dismissed, without prejudice.

### III. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiffs' Jury Trial Request and Motion to Amend the Third Amended Case Management Order (Doc. 91) is **DENIED**, without prejudice.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of July, 2020.