UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD MINER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-00095-SPM |
| | ) |
| CURTIS SCHRIEBER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Enforce Court Order #58 (Doc. 155), in which Defendants ask the Court to order Plaintiffs' counsel to comply with the Court's September 3, 2019 order requiring Plaintiffs' counsel to pay Defendants attorney's fees in the amount of $1525.00 (Doc. 58), and to set a deadline for Plaintiffs' counsel to do so. The motion has been fully briefed. For the following reasons, the motion will be denied.

**I.   BACKGROUND**

On August 21, 2019, following a hearing, the Court entered an order finding that Plaintiffs' counsel's repeated failures to comply with the Court's orders warranted sanctions. The Court therefore granted Defendants' request for reimbursement of the attorney's fees Defendants have incurred as a direct result of Plaintiffs' failure to follow court orders. Specifically, the Court found that Plaintiffs' counsel was required to pay Defendants' reasonable attorney's fees incurred in connection with preparing and filing their first motion for default, preparing and filing their renewed motion for default, and preparing and filing their opposition to Plaintiffs' June 29, 2019 request for additional time to respond to Defendants' counterclaim. Defendants submitted documentation in support of their requested fees, and Plaintiffs objected. On September 3, 2019, the Court entered an order stating, in relevant part, that "Plaintiffs' counsel is required to pay

Defendants attorney's fees in the amount of $1525.00, representing 6.1 hours worked at a reasonable rate of $250 per hour." (Doc. 58).

On November 12, 2019, Defendants filed a Motion for Sanctions for Failure to Comply with Court Order, stating that Plaintiffs' counsel had not yet paid the sum of $1525.00 to Defendants and seeking dismissal of Plaintiffs' pleadings. Plaintiffs filed a response. The Court denied Defendants' motion, finding that it appeared that Plaintiffs' counsel was making a good-faith effort to arrange payment and stating, "the Court cannot even say that Plaintiff has failed to comply with the Court's prior order, given that there was no deadline provided in the order and the case is still ongoing." (Doc. 70).

The case then proceeded through alternative dispute resolution, summary judgment briefing, and pretrial compliance. On September 18, 2020, at the pretrial conference, the parties advised the Court that the case had settled. The Court vacated the trial setting and gave the parties time to file dismissal paperwork. (Doc. 152). On November 10, 2020, Defendants filed the instant motion. (Doc. 155). On December 11, 2020, Defendants filed a notice of dismissal of their counterclaims. (Doc. 156). On December 12, 2020, Plaintiffs filed a notice of dismissal of their claims. (Doc. 157). The Court construed these as motions to dismiss and granted both motions. (Doc. 158).

**II.    DISCUSSION**

In the instant motion, Defendants ask the Court to set a deadline for Plaintiffs' counsel to pay $1525.00 in fees to Defendants, pursuant to the Court's September 3, 2019 order. Defendants state that the request is ripe for resolution, because the case has now settled. In their opposition, Plaintiffs argue that Plaintiffs' counsel does not owe these fees, because Defendants waived its right to collect such fees in the executed Settlement Agreement. Specifically, Plaintiffs rely on paragraph 4 of the Settlement Agreement, executed on November 9, 2020, which states:

> 4. <u>Release by Mercantile and Schrieber:</u> Mercantile and Schreiber hereby agree to fully release Miner and Adoria-Adorian and their respective members, officers, attorneys, from any and all **prior or previous claims**, charges, demands, damages, causes of action, debts, liabilities, controversies, or other obligations or alleged obligations (collectively referred to as "<u>Claims</u>") that were raised or should or could have been raised in this litigation which have arisen between the Parties up to the execution date of this Agreement. Mercantile does not release Miner and Adoria-Adorian from any future breach of the promissory note as secured by the deed of trust stated above as all the terms and conditions stated in the loan documents remain in full force and effect.

Exhibit 1 to Pl.'s Resp., Settlement Agreement, at ¶ 4 (emphasis in original). The Settlement Agreement also provides, "Upon execution of this Agreement, the Parties agree that Miner be responsible for their own attorney fees and costs to date and Mercantile shall be responsible for their own attorney fees as reflected in Trial Exhibit JJ and costs to date." *Id.* at ¶ 2c. The Settlement Agreement does not specifically mention sanctions or the Court's September 3, 2019 order awarding attorney's fees to Defendants.

In their reply, Defendants argue that Plaintiffs have not quoted any language in the Settlement Agreement that provides for the release, waiver, or satisfaction of the sanction award. They also argue that the order against Plaintiffs' counsel is a sanction against him and is not an attorney fee.

Although it is not raised by either party, the Court first considers the legal question of whether a party may, through a settlement agreement, waive its right to collect an award of attorney's fees it has been awarded as a sanction by the Court. The Eighth Circuit has held that a party "cannot unilaterally bargain away the court's discretion in imposing sanctions and the public's interest in ensuring compliance with the rules of procedure." *Perkins v. Gen. Motors Corp.*, 965 F.2d 597, 600 (8th Cir. 1992). However, the fact that the parties cannot bargain away the court's discretion in *imposing* sanctions does not necessarily mean that they cannot bargain away the right to *collect* monetary sanctions imposed. *See id.* at 599-600 (noting that where the

defendant had "had agreed as part of the settlement not to collect any monetary sanctions . . . it was reasonable for the district court to issue the sanction order without monetary penalty").

Courts addressing the issue of whether parties may agree to waive a sanctions award have distinguished between compensatory sanctions, which are "primarily intended to compensate a party for a wrong committed against it by the opposing party," which can be the subject of settlement, and purely punitive sanctions, "in which a litigant must pay the court or perform some other penance for misbehavior," which cannot. *See Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 639 (5th Cir. 2008). In *Clark Equipment Co. v. Lift Parts Manufacturing Co.*, the Seventh Circuit stated:

> A district court may sanction abusive behavior directly by imposing a punitive fine made payable to the court or by imposing non-monetary sanctions. These sanctions cannot be settled by the parties. Alternatively, however, the court may sanction the offending party by forcing him to compensate his opponent for the trouble he has caused. This second enforcement mechanism may be analogized to tort remedies, which also regulate behavior by compensating injured parties. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, ––––, 112 S.Ct. 2608, 2620, 120 L.Ed.2d 407 (1992). Society at large has an interest in enforcing negligence rules, yet we allow tort plaintiffs to bargain away that interest by settling. So too the beneficiary of a compensatory sanction may bargain away the court's interest in seeing its rules enforced. And despite the way we have phrased our analogy, a settlement does not mean that a sanction has been rendered ineffective—any more than a guilty plea indicates that the criminal laws are not being enforced.

*Clark Equip. Co. v. Lift Parts Mfg. Co. Inc.*, 972 F.2d 817, 819 (7th Cir. 1992), overruled on other grounds by *Martinez v. City of Chicago*, 823 F.3d 1050 (7th Cir. 2016). *See also HM Elecs., Inc. v. R.F. Techs., Inc.*, 171 F. Supp. 3d 1020, 1028 (S.D. Cal. 2016) ("It is well-established that parties to litigation may bargain away sanctions designed to compensate the parties themselves.").

Here, the award of attorney's fees as a sanction in the Court's September 3, 2019 order was not a punitive fine payable to the Court, but rather was an award payable to Defendants to compensate them for the expenses incurred due to Plaintiffs' counsel's conduct. Thus, the Court concludes that Defendants were able to waive their right to collect the award through settlement.

The Court next turns to the question of whether, in the Settlement Agreement, Defendants waived their right to collect the sanctions awarded in the Court's September 3, 2019 order. The Court concludes that they did. The Settlement Agreement states that it shall be construed and interpreted in accordance with Missouri law. *See* Pl.'s Ex. 1, Settlement Agreement, ¶ 7. Under Missouri law, "Courts are bound to enforce a contract as written if the terms of the contract are clear, plain and unequivocal." *Kells v. Missouri Mountain Properties, Inc.*, 247 S.W.3d 79, 85 (Mo. Ct. App. 2008) (citing *Malan Realty Investors, Inc. v. Harris*, 953 S.W.2d 624, 626-27 (Mo. banc 1997)). In paragraph four of the Settlement Agreement, Defendants agreed "to fully release Miner and Adoria-Adorian and their respective members, officers, attorneys, from any and all **prior or previous claims**, charges, demands, damages, causes of action, debts, liabilities, controversies, or other obligations or alleged obligations (collectively referred to as "Claims") that were raised or should or could have been raised in this litigation which have arisen between the Parties up to the execution date of this Agreement." Plaintiffs' counsel is clearly one of Miner and Adoria-Adorian's "attorneys" covered by this provision. Plaintiffs' counsel's obligation to pay $1525.00 to Defendants a sanction, pursuant to the Court's September 2019 order, is plainly a "liabilit[y] . . . or other obligation" that was raised in this litigation and arose between the parties before the date the Settlement Agreement was executed. Thus, according to the plain language of the Settlement Agreement, Defendants agreed to waive the right to collect this award. Thus, the Court will deny Defendants' motion. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Enforce Court Order #58 (Doc. 155) is **DENIED**.

/s/ Shirley Padmore Mensah
_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of January, 2021.